(18 Misc. Rep. 574.)

BLUME v. HERMAN.

(City Court of New York, General Term. November 30, 1896.)

APPEAL—MOTION FOR NEW TRIAL—ABSENCE OF EXCEPTIONS.

An order denying a motion for a new trial may be reviewed, though no exceptions were taken, or motion made for a nonsuit or direction of a verdict.

Appeal from trial term.

Action by Jacob Blume against Jacob Herman for breach of contract. From a judgment in favor of plaintiff entered on a verdict, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Charles G. F. Wahle, for appellant.
Max Altmeyer, for respondent.

O'DWYER, J. This is an appeal from a judgment entered on a verdict in favor of the plaintiff, and against the defendant, and from an order denying a motion for a new trial on the minutes, made after the coming in of the verdict. No exceptions were taken

on the trial that are here urged, nor was a motion made either for a nonsuit or a direction of a verdict in favor of the defendant. Notwithstanding the absence of exceptions, or a motion either for a nonsuit or direction in favor of the defendant, an appeal will lie from the order denying a motion for a new trial. Bank v. Clark, 42 Hun, 90; Matthews v. Meyberg, 63 N. Y. 656; Cohn v. Goldman, 43 N. Y. Super. Ct. 436; Shearman v. Henderson, 12 Hun, 170. And if, upon examination of the testimony, it appears that the verdict is against the evidence or the weight of evidence, the court, at general term, will reverse, and order a new trial.

The action was brought to recover damages for a breach of a written contract of employment. On the 16th day of October, 1894, the plaintiff and the defendant entered into a written agreement, whereby the plaintiff undertook to render his services to the defendant as a cloak operator and tailor in the defendant's business, and to continue therein from that date until the 16th day of October, 1895, at a salary of $936 per annum. On the 19th day of January, 1895, the plaintiff was discharged, and, as he alleges, without cause. Between that time and the termination of the term for which he had been employed, he earned the sum of $163.75. The defendant's contention was that on January 19th, and at various times prior thereto, complaints were made to him as to the plaintiff's conduct in connection with instructions given him by the foremen of the different departments, and the use of certain language by the plaintiff to his co-employés, and that, after calling the plaintiff's attention on several occasions to the language used by him to his co-employés, he finally warned him that, if it occurred again, he would discharge him; and because of continued use of profane language by the plaintiff he was discharged by the defendant. A careful examination of the record discloses that upon the issue raised, as to whether the plaintiff's discharge was with or without cause, a conflict of evidence arose, which was fairly presented to the jury. A new trial because the verdict is against the weight of evidence will not be granted unless the court is satisfied that the verdict is clearly against the weight of evidence. And upon appeal it must always be borne in mind that the jury had the advantage of seeing the manner and appearance of the witnesses upon the stand, and hearing their evidence given. In this case we find that their verdict is sustained by the evidence, and that, therefore, the judgment and order appealed from should be affirmed, with costs.

The judgment and order appealed from are hereby affirmed, with costs. All concur.